**CLAYTON P. BRUST, ESQ. – NSB #5234**
cbrust@rssblaw.com
**BRETT W. PILLING, ESQ. – NSB #15981**
bpilling@rssblaw.com
**Robison, Sharp, Sullivan & Brust**
A Professional Corporation
71 Washington Street
Reno, Nevada 89503
Telephone:    (775) 329-3151
Facsimile:    (775) 329-7169
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PETER CASTLEMAN and SLOANE CASTLEMAN, individually and as husband and wife<br><br>Plaintiffs,<br><br>vs.<br><br>ELLEN CONDREN CROWLEY,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

COME NOW, Plaintiffs Peter Castleman and Sloane Castleman, above named by and through their attorneys Clayton P. Brust and Brett W. Pilling of the firm of Robison, Sharp, Sullivan & Brust, and hereby alleges as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Peter Castleman is a resident of Glenbrook, Nevada.

2.      Plaintiff Sloane Castleman is a resident of Glenbrook, Nevada.

3.      Defendant Ellen Condren Crowley is a resident of Chagrin Falls, Ohio.

4.      All wrongful acts alleged herein were done by Ellen Condren Crowley and were specifically directed to Plaintiffs in Nevada.  All, or a substantial part of, the damages caused by Ellen Condren Crowley occurred in Nevada and will occur in Nevada in the future.

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

5.      The damages suffered by Plaintiffs at the hands of Ellen Condren Crowley exceed $75,000 as described in more detail below.

6.      This Court has subject matter jurisdiction over this matter pursuant to 26 USC §1332.  The parties are completely diverse and the amount in controversy exceeds $75,000.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      This Court has personal jurisdiction over Plaintiffs as they reside in Nevada.  This Court has personal jurisdiction over Defendant because she directed threats, extortion, an intentional tortious conduct toward Plaintiffs in Nevada.  Defendant also invaded Plaintiffs' privacy in Nevada and defamed Plaintiffs while Plaintiffs were in Nevada.

**INTRODUCTORY ALLEGATIONS**

8.      Plaintiffs are a married couple who have lived in Glenbrook, Nevada at all times relevant hereto.

9.      Defendant is the sister of Sloane Castleman and sister-in-law of Peter Castleman.

10.     Plaintiffs loaned Defendant approximately $282,000 (not including interest) from approximately 2011-2014.

11.     Defendant failed to repay the loan, forcing Plaintiffs to participate in a legal action to recover the amount retained by Defendant.  Although Defendant was well-represented, she lost that lawsuit which resulted in a judgment in favor of several parties, including Plaintiffs, against Defendant (the "Ohio Litigation").

12.     Toward the end of the Ohio Litigation, and apparently sensing that she would lose, Defendant began threatening Plaintiffs through emails to Peter Castleman in Nevada.

13.     On February 21, 2021, Defendant falsely accused Plaintiffs and Sloane Castleman's family members of wrongful activity, including defamatory comments and comments that would place Peter and Sloane Castleman in false light and that would

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

otherwise invade the well-established privacy rights of Plaintiffs and Sloane Castleman's family members.

14.     On April 29, 2021, Defendant threatened to report the untrue and damaging statements about Plaintiffs to Defendant's friend who is an editor of the New York Times. Defendant included a direct reference to Plaintiffs as her "billionaire brother-in-law married to Ralph Lauren model (sister)" and threatened to falsely accuse them of disparaging conduct and suggesting that Defendant would only stop if Plaintiffs' forgave the loans to Defendant.  (The false accusations Defendant made and threatens to publish as described throughout this pleading are too salacious for public record and the dignity of this Court.  Plaintiffs will submit the emails at issue, written by Defendant to Plaintiffs in Nevada, under seal to the Court after appropriate protections are in place.)

15.     On May 8, 2021, Defendant sent another email to Plaintiffs in Nevada threatening to make additional defamatory, untrue, and salacious comments if Plaintiffs did not forgive the loans they made to Defendant.

16.     On June 27, 2021, Defendant stated that she had published defamatory comments to a documentary filmmaker and was in the process of developing a film that would place Plaintiffs in false light and defame them.  Defendant again demanded that Plaintiffs provide her financial support or suffer the consequences of Defendant's wrongful conduct.

17.     On August 11, 2021, Defendant fabricated additional defamatory statements about Plaintiffs and again made threats to them in Nevada to publish the statements if Plaintiffs did not provide Defendant loan forgiveness and financial support.

18.     On August 11, 2021, Defendant confirmed that Defendant had published false and defamatory statements to members of the family and requested financial support from Plaintiffs.

19.     On September 12, 2021, Defendant sent correspondence to Plaintiffs in Nevada and represented that she was shopping her untrue defamatory statements to high profile film-makers, reiterated that Plaintiffs are billionaires, and demanded payment

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

to refrain from trying to defame Plaintiffs and place them in false light.

20.     On September 28, 2021, Defendant again directed communications to Nevada that demanded money from Plaintiffs, and fabricated new false statements she threatened to make about Plaintiffs.

21.     On December 25, 2021, Defendant again directed to Plaintiffs in Nevada threatening and harassing statements and threatened to cause disparaging publications to made about Plaintiffs.  These communications were again linked to financial assistance from Plaintiffs.

22.     Defendant's actions described above are a pattern of illegal, damaging, extortionist, defamatory, and wrongful behavior directed to Plaintiffs in Nevada and intentionally designed to coerce Plaintiffs into paying Defendant money and/or forgive debts owed by Defendant to Plaintiffs.

23.     Plaintiffs' business interests and reputations are such that publication of the statements by Defendant has already caused Plaintiffs' damages in excess of $75,000, and likely in excess of $1,000,000.  Further, Defendant's threatened disclosures of false and misleading statements will cause Plaintiffs damages in excess of millions of dollars.

## CLAIMS FOR RELIEF

### First Claim For Relief
### Intentional Infliction of Emotional Distress/Outrage

24.     Plaintiffs incorporate all allegations set forth above as if set forth herein.

25.     Defendant's conduct was extreme or outrageous with either the intention of, or reckless disregard for, causing emotional distress to Plaintiffs.

26.     Plaintiffs suffered severe or extreme emotional distress as the actual or proximate result of Defendant's conduct.

27.     Defendant's actions were conducted with a conscious disregard for Plaintiffs' rights and with the intent to vex, injure, and annoy Plaintiffs such as to constitute oppression, fraud, or malice, entitling Plaintiffs to exemplary or punitive damages. Further, Plaintiffs are entitled to recovery attorney fees and costs.

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

**Second Claim For Relief**
**Defamation**

28.   Plaintiffs incorporate all allegations set forth above as if set forth herein.

29.   Defendant made false and defamatory statements concerning Plaintiffs.

30.   Defendant's statements were unprivileged and were made to third persons.

31.   Defendant knew, or should have known, the statements were false.

32.   Plaintiffs sustained actual or presumed damages as a result of Defendant's false statements.

33.   Defendant's actions were conducted with a conscious disregard for Plaintiffs' rights and with the intent to vex, injure, and annoy Plaintiffs such as to constitute oppression, fraud, or malice, entitling Plaintiffs to exemplary or punitive damages. Further, Plaintiffs are entitled to recovery attorney fees and costs.

**Third Claim For Relief**
**False Light**

34.   Plaintiffs incorporate all allegations set forth above as if set forth herein.

35.   Defendant gave publicity to a matter concerning Plaintiffs that placed Plaintiffs before the public in a false light.

36.   The false light under which Plaintiffs were placed would be highly offensive to a reasonable person.

37.   Defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and false light in which Plaintiffs were placed.

38.   Plaintiffs suffered damages as a result of Defendant's actions.

39.   Defendant's actions were conducted with a conscious disregard for Plaintiffs' rights and with the intent to vex, injure, and annoy Plaintiffs such as to constitute oppression, fraud, or malice, entitling Plaintiffs to exemplary or punitive damages. Further, Plaintiffs are entitled to recovery attorney fees and costs.

///

///

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

**Fourth Claim For Relief**
**Public Disclosure of Private Facts**

40.     Plaintiffs incorporate all allegations set forth above as if set forth herein.

41.     Defendant publicly disclosed private facts of Plaintiffs.

42.     Defendant's disclosures would be offensive and objectionable to a reasonable person of ordinary sensibilities.

43.     Plaintiffs have been damaged by Defendant's disclosures.

44.     Defendant's actions were conducted with a conscious disregard for Plaintiffs' rights and with the intent to vex, injure, and annoy Plaintiffs such as to constitute oppression, fraud, or malice, entitling Plaintiffs to exemplary or punitive damages. Further, Plaintiffs are entitled to recovery attorney fees and costs.

**PRAYER**

Whereby Plaintiffs pray for judgment against Defendant as follows:

1.     For an award of general and special damages in an amount to be established at trial;

2.     For exemplary or punitive damages according to proof at the time of trial;

3.     For costs of suit, including reasonable attorneys' fees, incurred herein;

4.     For injunctive relief prohibiting Defendant from extorting and threatening Plaintiffs, and from making false statements about Plaintiffs to third parties; and

///
///
///
///
///
///
///
///
///

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

5.      For such other and further relief as the Court deems just and proper.

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that this document does not contain the Social Security Number of any person.

DATED this __28th__ day of December, 2021.

ROBISON, SHARP, SULLIVAN & BRUST
A Professional Corporation
71 Washington Street
Reno, Nevada 89503


BY: __/s/ Clayton P. Brust__
CLAYTON P. BRUST, ESQ.
BRETT W. PILLING, ESQ.
*Attorneys for Plaintiffs*

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PETER CASTLEMAN and SLOANE CASTLEMAN

**(b)** County of Residence of First Listed Plaintiff  *Douglas*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street, Reno, NV 89503 / 775-329-3151

## DEFENDANTS

ELLEN CONDREN CROWLEY   *Chattanooga*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC §1332
Brief description of cause:
Slander and libel against Plaintiffs

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  12/28/21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____