UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER CASTLEMAN, *et al.*, <br><br>　　　　　　　　　　Plaintiffs, <br>　v. <br>ELLEN CONDREN CROWLEY, <br>　　　　　　　　　　Defendant. | Case No. 3:21-cv-00523-MMD-VPC <br><br>ORDER |

**I.　SUMMARY**

This is an action for defamation. Plaintiffs Peter and Sloane Castleman bring this suit against Defendant Ellen Condren Crowley in tort (ECF No. 7), arguing that certain email correspondence they received from Defendant contains defamatory statements. Before the Court is Defendant's motion to dismiss (ECF No. 8 ("Motion")) for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.[1] Also before the Court are Plaintiffs' motion for preliminary injunction (ECF No. 11) and motion to seal (ECF No. 12) the exhibits in support of the preliminary injunction motion that contain the email communications (ECF Nos. 16-1, 16-2).

Because the Court finds that it lacks personal jurisdiction over Defendant, it will grant Defendant's Motion and need not address whether the FAC states a claim upon which relief can be granted. Moreover, because good cause exists to seal the email communications, the Court will grant Plaintiffs' motion to seal. Because granting leave to amend would be futile, the dismissal will be without prejudice, but without leave to amend. Accordingly, the Court will deny Plaintiffs' motion for preliminary injunction as moot.

///

---

[1] Plaintiffs responded (ECF No. 14) and Defendant replied (ECF No. 17).

## II.   BACKGROUND[2]

Plaintiffs reside in Glenbrook, Nevada, and Defendant is a resident of Ohio. (ECF No. 7 at 1.) Plaintiffs are married, and Plaintiff Sloane Castleman is Defendant's sister. (*Id.* at 2.) Beginning February 21, 2021, and lasting at least through January 30, 2022, Defendant sent email messages to Plaintiff Peter Castleman that contained allegations against various members of Defendant's family. (*Id.* at 2-4.) Plaintiffs claim the allegations in Defendant's emails are "false," "salacious," and "defamatory." (*Id.* at 4.)

In an email dated April 29, 2021, Defendant wrote that a friend of hers works as an editor at the New York Times and that she may talk with the editor about her "billionaire brother-in-law married to Ralph Lauren model (sister)." (*Id.* at 3.) Plaintiffs consider this communication to be a threat. (*Id.*) Later, in another email dated June 27, 2021, Defendant wrote that she was speaking with a documentary film producer about making a film about her life, again referencing the disparaging conduct. (*Id.*)

Plaintiffs initiated this action on December 28, 2021 (ECF No. 1) and amended their complaint as a matter of right on January 12, 2022. (ECF No. 7 ("First Amended Complaint" or "FAC").) The FAC asserts four common-law tort claims: (1) intentional infliction of emotional distress, (2) defamation, (3) false light, and (4) public disclosure of private facts. (*Id.* at 4-6.) Defendant's Motion followed.

Plaintiffs also filed a motion for preliminary injunction (ECF No. 11), seeking to prevent Defendant from continuing to share information contained in the email correspondence. In support of its motion for preliminary injunction, Plaintiffs filed two exhibits under seal. (ECF Nos. 12, 16-1, 16-2.) The exhibits are the emails Plaintiffs received from Defendant.

## III.   LEGAL STANDARD

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Boschetto v.*

---

[2]The following facts are adapted, where possible, from the First Amended Complaint. (ECF No. 7.) Although the Court has read the content of the emails submitted under seal, reference to their content is limited due to their sensitive nature.

*Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but it may resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

**IV.     DISCUSSION**

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Defendant argues the Court lacks personal jurisdiction over her because Plaintiffs failed to show her conduct was purposefully directed at Nevada. (ECF No. 8 at 3.) The only link between Defendant and Nevada, she contends, are the private email correspondence exchanged between Defendant and Plaintiffs, who happen to reside in Nevada. (*Id.*) Defendant argues this limited contact is insufficient to subject her to personal jurisdiction in this forum. (*Id.* at 6.) Plaintiffs counter that Defendant's conduct was "specifically directed to Plaintiffs in Nevada" and "[a]ll, or a substantial part of, the damages caused by [Defendant] occurred in Nevada and will occur in Nevada in the future." (ECF No. 7 at 1.)

As explained further below, the Court agrees with Defendant and will grant the Motion. Because the Court finds it lacks personal jurisdiction over Defendant, it will not reach her Rule 12(b)(6) arguments.

///

///

### A. Specific Jurisdiction

A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). Since "Nevada's long-arm statute, NRS § 14.065 reaches the limits of due process set by the United States Constitution," the Court moves on to the second part of the analysis. *See Baker v. Eighth Judicial Dist. Ct. ex rel. Cnty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000). "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404-05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id*. (citing Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945)). Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction.

Plaintiffs do not contest that the Court lacks general personal jurisdiction over Defendant, but instead argue that the Court may exercise specific jurisdiction over her. (ECF No. 14 at 3-6.) In examining whether specific jurisdiction exists, the minimum contacts inquiry is "defendant focused"—the relationship to be examined is that between the defendant and the forum state, and that relationship must arise out of the defendant's own contacts "with the forum state itself, not . . . with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014). Specifically, a court may exercise specific jurisdiction over a defendant only where "the defendant's suit-related conduct" created a substantial connection with the forum [s]tate." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017) (quoting *Walden*, 571 U.S. at 284-85).

Incorporating these overarching considerations, the Ninth Circuit provides a three-prong test for analyzing an assertion of specific personal jurisdiction. First, "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby

invoking the benefits and protections of its laws." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting S*chwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). In the Ninth Circuit, "purposeful availment" and "purposeful direction" call for distinct analyses. *See id.* For suits sounding in tort, the court considers whether there is purposeful direction. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *CollegeSource*, 653 F.3d at 1076. Third, if the plaintiff satisfies its burden of establishing the first two-prongs, the burden shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

"Where allegedly tortious conduct takes place *outside* the forum and has effects inside the forum, our circuit has examined purposeful direction using an 'effects test' based on *Calder v. Jones*." *AMA Multimedia, LLC v. West*, 970 F.3d 1201, 1208 (9th Cir. 2020) (emphasis in original). Under this test, the defendant "must have (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) causing harm that the defendant know is likely to be suffered in the forum state." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). When deciding whether an action is "expressly aimed" at the forum state, courts consider (1) whether the relationship between the defendant and the forum state arose out of contacts the defendant themself created with the forum state, as opposed to contacts created by the plaintiff and the forum state, and (2) whether the defendant's contacts are with the state itself, rather than the with persons who reside there. *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1143 (9th Cir. 2017) (citing *Walden*, 571 U.S. at 284). Since *Walden*, the Ninth Circuit has rejected that a foreseeable injury that would occur in the forum state, without more, is sufficient to

establish specific jurisdiction. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (citing *Burger King*, 471 U.S. at 474).[3]

### B. Purposeful Direction

Plaintiffs have failed to demonstrate that Defendant's conduct was purposefully directed at Nevada. There is no genuine dispute that Defendant's conduct constituted an intentional act and the parties do not address whether Defendant knew that harm was likely to be suffered in Nevada. The only question in contention is whether Defendant expressly aimed her conduct at the forum state. The Court agrees with Defendant, and will therefore grant the Motion.

Defendant's only connection with Nevada is her relationship with Plaintiffs. As the holding in *Walden* instructs, the relationship between the defendant and the forum state must arise out of connections the defendant creates with the forum, not out of connections with the plaintiff or the plaintiff's connection with the forum. *See Walden*, 571 U.S. at 284. Taking all allegations in the Complaint as true, it is unclear that Defendant has any contacts with Nevada other than that Plaintiffs happen to reside here. Defendant has emailed Plaintiffs privately, expressed her intent to speak with a New York Times editor, and claimed to work with documentary film producers. Only her emails with Plaintiffs could possibly be construed as directed toward Nevada, and nothing in the Complaint suggests that those emails have been published or shared beyond the parties and this Court. Indeed, Plaintiffs' claims appear to be anticipatory of a national reputational harm, based on the referenced publications, not a harm that is directed at Nevada. Moreover, Plaintiffs'

---

[3]Although the Ninth Circuit has not squarely addressed in a published decision how *Walden* applies to intentional torts, the court found in an unpublished decision that a plaintiff had failed to establish a *prima facie* case for personal jurisdiction because "mere making of defamatory comments to persons known to be [in the forum state] is not sufficient, without more, to establish purposeful direction under *Walden*." *Janus v. Freeman*, F. App'x 928, 931 (9th Cir. 2020). The Ninth Circuit reasoned that *Walden* focused on "the creation of 'reputation-based effects'" within the forum state. *Id.* Even when the out-of-state defendant allegedly "undertook a campaign of harassment that included defamatory comments and unauthorized use of copyrighted photographs," *id.* at 929, that court found that the connection between the alleged reputational harm and the forum state was too attenuated to establish personal jurisdiction. The Court finds this reasoning persuasive here.

6

assumptions that the brunt of the reputational harm will be felt in Nevada are conclusory. The only argument they raise in their opposition to the Motion is that Defendant "emailed her repeated threats to Mr. Castleman at his home in Nevada." (ECF No. 14 at 5.) This is insufficient to establish reputational harm that occurred or is likely to occur in Nevada, specifically.

Accordingly, Plaintiffs have failed to meet their burden of making a *prima facie* showing that the Court has specific jurisdiction over Defendant. Because the Court lacks personal jurisdiction over Defendant, it need not reach whether Plaintiffs have failed to state a claim upon which relief can be granted.

### C.     Leave to Amend

Plaintiffs requested leave to amend the FAC if the Court dismissed any of their claims. (ECF No. 14 at 9.) Although the Court should freely give leave to amend when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), the Court declines to grant leave to amend because amendment would be futile. *See Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) ("Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." (quotation omitted)). Despite that the relevant facts pertaining to the Court's jurisdiction are undisputed, Plaintiffs failed to meet their burden of showing even a *prima facie* showing that the Court had personal jurisdiction over Defendant. Moreover, nothing in Plaintiffs' FAC or opposition to the Motion suggest an alternative path to jurisdiction over Defendant. Because dismissal for lack of personal jurisdiction is without prejudice and there appears to be no statute of limitations issue for Plaintiffs' claims, there is nothing prohibiting Plaintiffs from refiling in another forum. The Court therefore will not grant leave to amend.

### D.     Plaintiffs' Motions

There are two other motions pending before the Court: (1) Plaintiffs' motion for preliminary injunction and (2) Plaintiffs' motion to seal the exhibits containing Defendant's email correspondence. (ECF Nos. 11, 12.) Because the Court finds that it lacks personal

jurisdiction over Defendant, Plaintiffs' motion for preliminary injunction (ECF No. 11) is rendered moot.

The Court will grant Plaintiffs' motion to seal. (ECF No. 12.) Plaintiffs submitted the exhibits under seal in support of their motion for preliminary injunction. (*Id.* at 1.) "The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Instead of the heightened "compelling reasons" standard that applies to dispositive motions, a party seeking to seal materials attached to non-dispositive motions need only meet the "good cause" standard. *Id.* at 1180-81. The submitted exhibits certainly contain sensitive information which may cause damage to Plaintiffs' reputations or otherwise cause public scandal, and the Court did not reach the merits of the inquiry to determine whether they are true or false. The Court therefore finds there is good cause to seal the exhibits.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 8) is granted. Plaintiffs' claims are dismissed without prejudice, but without leave to amend.

It is further ordered that Plaintiffs' motion to seal (ECF No. 12) is granted.

It is further ordered that Plaintiffs' motion for preliminary injunction (ECF No. 11) is denied as moot.

///

///

///

///

///

The Clerk of Court is directed to send Defendant a copy of this order.

The Clerk of Court is further directed to close this case.

DATED THIS 31st Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE